UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| DANA C. BUTLER,<br><br>          Plaintiff,<br><br>     v.<br><br>MATTHEW M. OSINSKI; JEAN L. CHADWICK,<br><br>          Defendants. | Case No. 1:20-cv-00006-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court is Defendant Matthew Osinski's Motion to Dismiss (Dkt. 6). The motion is fully briefed and at issue. Defendant Jean Chadwick has not entered an appearance in this case. However, for the reasons that follow, the Court finds that Butler cannot state a claim against either Osinski or Chadwick and will dismiss the case in its entirety.

## BACKGROUND

*Pro Se* Plaintiff Dana Butler brings this *Bivens* action alleging Defendants violated his rights under the Fifth Amendment. *See Compl.* ¶¶ 43, 51, Dkt. 1.

At the time of the alleged violations Osinski was a Vocational Rehabilitation and Education (VR&E) counselor for the Veterans Administration and Chadwick was allegedly a legal advisor for the VR&E program. In March 2020 Butler filed status reports with the Court indicating that Chadwick had retired from the VA in October 2019. Dkt. 4, 9. Butler finally sent the complaint to the U.S. Attorney's office in Salt Lake City, Utah, ostensibly to effect service on Chadwick. Dkt. 9. It does not appear that Chadwick has been served and she has not entered an appearance in this case.

Butler is a 62 year old, disabled veteran, with post-traumatic stress disorder. Butler alleges that he attempted to pursue an online degree in paralegal studies through the VR&E program. *Compl.* ¶ 11. Butler alleges that Osinski denied his request to pursue the degree due to his inability to obtain employment due to his age. *Id.* ¶ 13. Osinski sent Butler a letter indicating that Butler's participation in the VR&E program would be interrupted and that Butler had 30 days to respond before the discontinuance of all services. *Id.* ¶ 15. Butler alleges that Osinski consulted with Chadwick regarding the discontinuance of services. *Id.* ¶ 20. Butler appealed the discontinuance of his benefits and a Veterans Law Judge ordered Butler's VR&E benefits be reinstated. *Id.* ¶¶ 39-40.

Butler seeks declatory and injunctive relief and lost wages.[1] *Id.* at 13.

## ANALYSIS

Osinski brings his motion under both Rules 12(b)(1) and 12(b)(6). Fed. R. Civ. P. 12. Generally, the Veteran's Judicial Review Act, 38 U.S.C. § 511, divests this Court of jurisdiction to review a veteran's benefit claim. *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1022 (9th Cir. 2012). However, because Butler brings his action under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), for a violation of his constitutional rights, this Court has jurisdiction over his claim. *Hicks v. Small*, 842 F. Supp. 407, 409 (D. Nev. 1993), *aff'd*, 69 F.3d 967 (9th Cir. 1995). Thus, the Court will consider Osinski's motion under Rule 12(b)(6).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has

---

[1] Butler withdrew his claims for compensatory damages, punitive damages, and attorneys' fees in his response to the motion to dismiss. *Resp.* at 6, Dkt. 12.

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. at 556.

The Supreme Court identified two "working principles" that underlie *Twombly. See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *Id*. "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678–679. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*. at 679. "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

A dismissal without leave to amend is improper unless it is beyond doubt that the complaint "could not be saved by any amendment." *Harris v. Amgen, Inc.*, 573 F.3d 728, 737 (9th Cir.2009). The Ninth Circuit has held that "in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Cook, Perkiss and*

*Liehe, Inc. v. Northern California Collection Service, Inc.*, 911 F.2d 242, 247 (9th Cir.1990). The issue is not whether plaintiff will prevail but whether he "is entitled to offer evidence to support the claims." *Diaz v. Int'l Longshore and Warehouse Union, Local 13*, 474 F.3d 1202, 1205 (9th Cir.2007) (citations omitted).

In his *Bivens* claim, Butler alleges that Osinski and Chadwick violated his Fifth Amendment due process rights, and seeks the wages he lost as a result of their actions, as well as declaratory and injunctive relief.

The Supreme Court has allowed *Bivens* actions in situations where, as in *Bivens* itself, there were no "special factors counselling hesitation in the absence of affirmative action by Congress," no statutory prohibition against the relief sought, and no exclusive statutory remedy. *Schweiker v. Chilicky*, 487 U.S. 412, 421 (1988). However, "[w]hen the design of a Government program suggests that Congress has provided what it considers adequate remedial mechanisms for constitutional violations that may occur in the course of its administration," courts have declined to create additional *Bivens* remedies. *Schweiker*, 487 U.S. at 423.

The Ninth Circuit has held that, in light of the comprehensive, remedial structure of the VJRA, a *Bivens* action is inappropriate to vindicate constitutional rights of a veteran as against VA staff. *Hicks v. Small*, 69 F.3d 967, 969 (9th Cir. 1995); *Belton v. Wheat*, 131 F.3d 145 (9th Cir. 1997). Thus, Butler cannot state a

claim for a violation of his constitutional rights against Defendants under *Bivens*.[2]

Therefore the Court will grant Osinski's motion to dismiss. This analysis applies

equally to Chadwick, thus the Court will dismiss this case in its entirety.

Due to the structure of the VJRA, there is simply no plausible set of facts

under which Butler may be able to state a successful claim against the Defendants.

*Harris*, 573 F.3d at 737. Therefore, Butler's complaint will be dismissed without

leave to amend.

## ORDER

**IT IS THEREFORE ORDERED that**

1. Defendant's Motion to Dismiss (Dkt. 6) is **GRANTED** and Plaintiff's

   Complaint is **DISMISSED WITH PREJUDICE**.

DATED: May 6, 2020

B. Lynn Winmill
U.S. District Court Judge

---

[2] Injunctive and declaratory relief are not available in a *Bivens* action where the equitable relief sought requires official government action. *Solida v. McKelvey*, 820 F.3d 1090, 1093 (9th Cir. 2016). Thus, dismissal is also proper with regard to Butler's claims for declartory and injunctive relief.